Date signed March 09, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| JOHN DAMIEN MESSIER | :     Case No. 05-40146PM |
| ANNETTE MESSIER | :     Chapter 13 |
| | : |
| Debtors | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |

### MEMORANDUM OF DECISION

This case came before the court for a hearing on confirmation of Debtors' Chapter 13 Plan filed October 14, 2005. Under their Plan, Debtors propose to pay to the Chapter 13 Trustee, for distribution among their creditors, the sum of $450.00 a month for 36 months, a total of $16,200.00. The matter came on for hearing on March 7, 2006. Under the Plan, after the payment of two creditors entitled to priority, the Internal Revenue Service and Debtors' attorney, and the statutory commission to the Trustee, approximately $9,000.00 would be distributed among unsecured creditors with claims aggregating over $135,000.00. These are largely credit card debts and student loans. An objection to confirmation was filed by the Chapter 13 Trustee.

The issue before the court is whether the Debtors have sustained their burden of proof so as to enable the court to enter an order confirming their Plan. The Trustee challenges certain expenditures by the Debtors, and the court must determine whether this Plan has been proposed in good faith as required by § 1325(a)(3) of the Bankruptcy Code and, next, whether the Debtors have met the burden of proof required by § 1325(b)(1) that provides:

**11 U.S.C. § 1325.  Confirmation of plan**

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--
(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Debtors testified that a large amount of their expenses are the result of caring for their 12-year old son who suffers Attention Deficit Hyperactivity Disorder.  According to the testimony of Mrs. Messier, this effort requires both a discipline of medication and extraordinary physical activity.  She therefore justifies the monthly expenses to veterinarians and for dog food for the family pet of $110.00 and  extra-curricular activities for her son of $200.00.  Mrs. Messier also testified that she believes that her son is assisted by the consumption of organic foods in the house by everyone, rather than food containing harmful chemical additives.  Finally, she testified that her son is very hard on clothes, as is she in her career as a teacher of children with special needs.

Of considerable concern to the court is the fact that in the week or so prior to the filing of this case under Chapter 13 the Debtors purchased two new Toyota automobiles.  In other words, in the course of the preparation for filing this bankruptcy case, shortly before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Debtors acquired new automobiles and, at the same time, removed $926.00 a month from their disposable income, or, as might be said, purchased these automobiles at the expense of their unsecured creditors.

The court finds that there is some room in their budget to increase payments for the benefit of their creditors holding unsecured claims.  The court simply does not believe that the Debtors' transportation costs, not including the car payments and the automobile insurance, aggregate $375.00 a month.  Similarly, the telephone bill of $170.00 a month seems inordinate.  While the court accepts the proposition that the purchase of organic food is beneficial to their son, some of the food consumed by adults must be of the less expensive variety.  The clothing costs of $275.00 a month seem somewhat on the high side.

Considering all of the above, while the court is sympathetic to the plight of the Debtors, the court finds that there is room in their budget to increase payments under the Plan. An appropriate order will be entered.

cc:
John/Annette Messier, 403 Cedar Lane, Rockville, MD 20851
Jay Jensen, Esq., 4946 Bel Pre Road, Rockville, MD 20853
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**